IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE LITTLEJOHN,<br><br>                Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>                Defendant. | Case No. 1:11-cv-00422-JF<br><br>ORDER[1] GRANTING MOTION TO DISMISS WITHOUT LEAVE TO AMEND |

    Plaintiff Ronnie Littlejohn ("Littlejohn") claims that he was subjected to race discrimination while employed in the office of the Clerk of the United States Bankruptcy Court for the Eastern District of California ("bankruptcy court"), and that the discrimination culminated in his unlawful termination. The government seeks dismissal of the action for lack of subject matter jurisdiction. The Court has considered the briefing of the parties, including the briefing submitted after the hearing, and the oral argument presented on September 23, 2011.[2] For the

---

[1] This order is not designated for publication in the official reports.

[2] The undersigned is sitting by designation on the United States District Court for the Eastern District of California. For the convenience of the parties, the hearing was conducted via videoconference, with Littlejohn and defense counsel appearing from the district courthouse in Fresno, California while the undersigned presided from the district courthouse in San Jose, California.

reasons discussed below, the motion will be granted, without leave to amend.

## I. BACKGROUND

Littlejohn filed this action on March 9, 2011. The government filed its motion to dismiss on June 9, 2011. Littlejohn filed opposition and a first amended complaint. The parties then stipulated that Littlejohn could file a second amended complaint ("SAC"). Littlejohn lodged the operative SAC on August 16, 2011; it was filed on August 26, 2011. The SAC alleges the following facts:

Littlejohn began working for the bankruptcy court in December 1988. SAC ¶ 5. In 2007, a managerial employee named Robert Herndon ("Herndon") began discriminating and retaliating against Littlejohn. *Id*. ¶ 7. At that time, Littlejohn was the only African American employee in the bankruptcy court clerk's office. *Id*. In June 2007, Herndon unfairly accused Littlejohn of abandoning his workstation without authorization. *Id*. ¶ 8. In March 2008, Herndon initiated disciplinary action against Littlejohn for failing to issue an Order to Show Cause, even though another employee actually was responsible for issuing the document. *Id*. In the same month, Herndon initiated disciplinary action against Littlejohn for failing to docket a particular document. *Id*.

In March 2010, Littlejohn discovered a computer feature on the bankruptcy court computer operating system that revealed that approximately 150 case notices had not been served by the bankruptcy court's Fresno division, and that approximately 360 notices had not been served by the court's Sacramento and Modesto divisions. SAC ¶ 9. Littlejohn immediately alerted Herndon to this problem. *Id*. Littlejohn assumed that Herndon would serve the notices for the Fresno division and would alert the Sacramento and Modesto divisions of the problem. *Id*. ¶ 10. Instead, Herndon deleted approximately 315 notices from the bankruptcy court's operating system in an attempt to cover up the district-wide violation of applicable rules of bankruptcy procedure and civil procedure. *Id*. ¶ 11. Herndon terminated Littlejohn in April 2010, both because of Littlejohn's race and in retaliation for Littlejohn's having raised concerns about the unserved notices. *Id*. ¶ 12.

Littlejohn alleges that he intended to appeal the termination pursuant to the bankruptcy

court's Employee Dispute Resolution ("EDR") plan, which would have permitted an appeal to the Chief Judge. SAC ¶ 13. However, the notice of adverse action that he received read as follows:

> Your actions described herein constitute unacceptable work performance, inexcusable neglect of duty, and actions which bring discredit to the court, its judges, and this office and constitute cause for dismissal. Accordingly, you are hereby terminated from your position as a deputy clerk effective immediately.
>
> You are advised that you have five calendar days from the date of this notice within which to respond to the charges and actions specified herein. You may respond in less than five days if you wish. *Should you choose to respond, your response must be submitted in writing to the Sacramento Deputy Clerk in Charge, Shelly Fritch*.

SAC, Exh. 5 (emphasis added); ¶ 13. The formal basis for termination is unclear, as Littlejohn provides only page 3 of the document containing this language. Littlejohn alleges that he called Cyndi Moore in human resources and requested to proceed under the EDR plan, and that Moore told him he did not have that option. *Id*. ¶ 13. He claims that he unwillingly pursued his administrative remedies under the grievance procedure to which he was directed. *Id*. The grievance was denied. *Id*.

Littlejohn alleges that the purported reason for his termination was that he served one civil minute order late. SAC ¶ 16. He claims that seventeen other case managers served civil minute orders late or not at all and were not disciplined. *Id*. He asserts the following claims: (1) violation of the "CSRA Act 1978 5 U.S.C. § 2302"; (2) violation of the Whistleblower Protection Act, 5 U.S.C. § 2302; (3) violation of the First Amendment right of free speech; (4) tortious termination in violation of the public policy of the California Constitution; (5) violation of the "Back Pay Act 5 of U.S.C. Section (b)(1), (b)(1)(A)(i)(ii), (a)(1)(2), (B)(i)(ii), (2)(A)"; and (6) a claim for damages under the Federal Tort Claims Act. He asks that the Court

> Remand the case back to the Bankruptcy Court or to Ninth Circuit so that Plaintiff can have the opportunity to appeal his remedy under the Disciplinary Action Policy in which he inquired about and was denied proper access.

SAC, Prayer.

The government moves to dismiss the SAC for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted.

## II. LEGAL STANDARDS

**A.    Rule 12(b)(1)**

"A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air For Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack, the moving party asserts that the allegations in the complaint are insufficient on their face to invoke federal jurisdiction. *Id*. In a factual attack, the moving party disputes the truth of the allegations in the complaint, which otherwise would be sufficient to invoke federal jurisdiction. *Id*. In resolving a facial attack, the Court accepts the allegations in the complaint as true. *Whisnant v. United States*, 400 F.3d 1177, 1179 (9th Cir. 2005). In resolving a factual attack, the Court need not presume the truthfulness of the allegations set forth in the complaint and may consider evidence beyond the face of the complaint without converting the motion to dismiss into a motion for summary judgment. *Id*.; *Safe Air*, 373 F.3d at 1039. Once the moving party has presented affidavits or other evidence tending to show that subject matter jurisdiction does not lie, the plaintiff must present affidavits or other evidence sufficient to establish subject matter jurisdiction. *Safe Air*, 373 F.3d at 1039.

**B.    Rule 12(b)(6)**

Pursuant to Fed. R. Civ. P. 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief may be granted. "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). For purposes of evaluating a motion to dismiss, the court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

However, mere conclusions couched in factual allegations are not sufficient to state a claim for relief. *Papasan v. Allain,* 478 U.S. 265, 286 (1986); *see also McGlinchy v. Shell Chem. Co.,* 845 F.2d 802, 810 (9th Cir. 1988). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*

Case No. 1:11-cv-00422-JF
ORDER GRANTING MOTION TO DISMISS WITHOUT LEAVE TO AMEND
(JFLC2)

*v. Iqbal,* 129 S.Ct. 1937, 1949 (2009). Thus, "for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief. " *Moss v. U.S. Secret Serv.,* 572 F.3d 962, 969 (9th Cir. 2009).

### III. DISCUSSION

The Civil Service Reform Act ("CSRA") provides an elaborate framework for evaluating adverse personnel actions against federal employees. *United States v. Fausto*, 484 U.S. 439, 443 (1988). "It prescribes in great detail the protections and remedies applicable to such action, including the availability of administrative and judicial review." *Id*. Accordingly, it preempts claims brought by federal employees under other statutes, such as the Back Pay Act, *see id*. at 455, Title VII, *see In re Levenson*, 587 F.3d 925, 935 (9th Cir. 2009), or the Federal Tort Claims Act, *see Orsay v. U.S. Dept. of Justice*, 289 F.3d 1125, 1132 (9th Cir. 2002). The CSRA also preempts claims brought under *Bivens v. Six Unknown Agents*, 408 U.S. 388 (1971). *Levenson*, 587 F.3d at 935.

"The detailed protections and remedies afforded federal civil servants by the CSRA do not apply uniformly to all covered employees." *Dotson v. Griesa,* 398 F.3d 156, 163 (2d Cir. 2005). "The CSRA divides civil service personnel into three main classifications: the senior executive service, the competitive service, and the excepted service." *Id*. Employees of the judiciary are excepted service personnel. *Id*. The CSRA excludes such employees from the Act's provisions establishing rights to administrative and judicial review for adverse personnel action. *Fausto*, 484 U.S. at 455. In other words, employees of the judiciary may not seek administrative or judicial review under the CSRA, but rather are limited to the administrative review process of the judiciary itself. *Levenson*, 587 F.3d at 935; *Dotson*, 398 at 160, 163.

In light of this unambiguous authority, the Court concludes that it lacks subject matter jurisdiction over Littlejohn's claims. Littlejohn seems to suggest that this Court has subject matter jurisdiction because he was misled as to his options for administrative review upon his termination. Littlejohn has not cited, and the Court has not discovered, any authority for this proposition. To the contrary, the case law is clear that Littlejohn must seek relief, if any is

available, by following the administrative review process of the bankruptcy court. *See* *Levinson*, 587 F.3d at 935. Accordingly, the Court has no choice but to dismiss the action. Nothing in this order is intended to address the merits of Littlejohn's factual allegations or to preclude Littlejohn from seeking whatever further administrative relief may be available to him.

## IV. ORDER

(1) The motion to dismiss is GRANTED WITHOUT LEAVE TO AMEND; and

(2) The Clerk shall close the file.

Dated: 11/18/2011

_____
JEREMY FOGEL
United States District Judge